# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 23, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MICHAEL DENARD,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0030** (BOR Appeal No. 2048575)
              (Claim No. 2010121075)

**CONSOLIDATION COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michael Denard, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Consolidation Coal Company, by Edward M. George III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 13, 2013, in which the Board affirmed a June 24, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed and modified the claims administrator's December 27, 2012, decision which denied a request for payment of medical expenses relating to oxygen services provided by Apria Healthcare. The Office of Judges affirmed the decision on the merits and modified it so that it was protestable to the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Denard, a coal miner, developed occupational pneumoconiosis in the course of his employment and was granted a 15% permanent partial disability award for the condition. He requested payment of medical expenses relating to oxygen services provided by Apria Healthcare. The claims administrator denied the request on December 27, 2012, stating that the services requested were for chronic airway obstruction, not elsewhere classified, and not

1

occupational pneumoconiosis, the compensable condition in the claim. Also, pre-authorization was not obtained.

The Office of Judges affirmed the claims administrator's decision in its June 24, 2013, Order. The Office of Judges found that the claims administrator mistakenly failed to include protestable language in its decision and therefore modified the decision so that it was protestable to the Office of Judges. It was noted that Apria Healthcare used the Diagnosis Code 496 in its billing, which is not a compensable diagnosis in the claim. Consolidation Coal Company argued that it would be inappropriate to provide oxygen services for a non-compensable condition. Mr. Denard asserted that Diagnosis Code 496 is chronic airway obstruction, not elsewhere specified, and that it may have been a billing error. He stated that the prescribing physician did not use that diagnosis code. The Office of Judges found that Mr. Denard failed to introduce the prescribing physician's request for oxygen therapy and, therefore, failed to prove that the oxygen services were requested for the treatment of the compensable condition.

The Office of Judges noted that West Virginia Code of State Rules § 85-20-9.10.aa (2006) requires prior review and authorization before services are rendered and reimbursement is made for all oxygen equipment, supplies, and related services. Further, under West Virginia Code of State Rules § 85-20-52.10 (2006), if an occupational pneumoconiosis award is 15% or greater, certain tests and treatments are available. However, oxygen therapy requires prior authorization. The Office of Judges discovered that the Physician's Report of Occupational Pneumoconiosis dated April 16, 2010, shows that Mr. Denard was treated for dyspnea and chronic obstructive pulmonary disease. Also, when the Occupational Pneumoconiosis Board examined Mr. Denard on September 9, 2010, it did not have him perform the exercise test due to his history of heart disease. The Office of Judges concluded that Mr. Denard has other conditions, including chronic obstructive pulmonary disease, which have not been shown to be related to the compensable occupational pneumoconiosis. Therefore, he failed to show that he requires oxygen therapy as a result of his occupational pneumoconiosis. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on December 13, 2013.

On appeal, Mr. Denard argues that he is entitled to oxygen therapy under West Virginia Code of State Rules § 85-20 (2006) due to his 15% permanent partial disability award for occupational pneumoconiosis. He further asserts that the Occupational Pneumoconiosis Board found no other cause for his lung impairment, and since the treatment is reasonably required, prior authorization should not be necessary. Consolidation Coal Company argues that the oxygen services requested are for a non-compensable condition. The diagnosis code provided was for chronic airway obstruction, not elsewhere classified, and not occupational pneumoconiosis. It also asserts that oxygen therapy requires pre-authorization which was not obtained in this case. After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. Mr. Denard failed to show that the request for oxygen therapy was made for the treatment of his compensable occupational pneumoconiosis. Further, he did not obtain prior authorization as is required.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: January 23, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3